## THE COSTILLA.

## THE HELEN B. MORAN.

(District Court, E. D. New York. January 18, 1921.)

**Collision ⊂⊃96—Excessive speed in front of slip.**

A collision between a steamship coming up close to a vessel anchored outside a Brooklyn pier just below a slip and a barge in tow coming out from the slip *held* due solely to the fault of the steamship in going at full speed so close to the anchored vessel that she could not see the tug and tow in time to avoid the collision; it being shown that the tug blew her whistle on leaving the pier.

In Admiralty. Suit for collision by Anna D. McMullen, owner of the barge Hornbeek, against the steamship Costilla, with the tug Helen B. Moran impleaded. Decree for libelant against the Costilla.

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., for the Costilla.

Park & Mattison, of New York City, for the Helen B. Moran.

GARVIN, District Judge. On May 31, 1919, the Helen B. Moran started to tow the barge Hornbeek from the Amity Street slip, Brooklyn, intending to go up through the East River. Just at the south of the slip the Ettina (called the Cornelia by the Costilla's witnesses), a large boat, lay at anchor, her bow down the river. The Moran passed the Ettina astern, and as she started to swing up the river the Costilla, owned by the claimant, came up the river quite close to the Ettina. When the Costilla observed the Moran and her tow, she stopped, but was not able to avoid colliding with the barge Hornbeek, which was in the tow. The owner of the Hornbeek filed a libel against the Costilla, owned by the United States of America, who has brought in by petition the steam tug Helen B. Moran.

I am of the opinion that the Costilla, proceeding at full speed aided by a strong flood tide, was negligent in selecting a course so close to the Ettina that she could not see a tug and tow coming out of the Brooklyn slip from behind the Ettina's stern in time to avoid taking the steps necessary to prevent a collision. The testimony offered in behalf of the Costilla, by her chief officer, is that she was not going at full speed; but his entire testimony with respect to her speed is far from satisfactory. He testified, too, that it took his boat three hours to go from Bedloe's Island to the place of collision, which, unexplained, is incredible.

The captain of the Moran testified that he blew a long whistle as he was leaving the pier. His testimony is not discredited, and I see no reason for rejecting it. When he saw the Costilla, he made every effort to avoid the accident. It is true that the chief officer (or mate) of the Costilla testified that he heard no whistle; but it does not seem likely that he was paying a great deal of attention to what was going

on inshore, as he thought the Ettina, which was at anchor, was proceeding down stream. It is perfectly obvious that the accident could not have happened unless the Ettina was at anchor, or else the Costilla should have seen the Moran leaving the slip before the Ettina cut off her view.

The fact that the tug had come out into the river, and that the tow (not the tug) was struck, indicates that the Costilla must have been going at a high rate of speed, or else that her navigating officer was careless in permitting her to approach so close to the tow. United States Exhibit No. 2, made by the mate of the Costilla, demonstrates clearly that such a collision as is there portrayed could not have occurred, unless the Costilla was proceeding very rapidly, without observing conditions astern of the Ettina.

There will therefore be a decree in favor of the libelant and against the Costilla. The petition of the United States of America is dismissed.